# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 696 | **DATE** | 6/4/2003 |
| **CASE TITLE** | Franklin Lunding, Jr. vs. Biocatalyst Resources Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendants' Rule 12(b)(1) motion to dismiss is granted in part and denied in part. Plaintiff has not demonstrated that the claims he asserts in his capacity as trustee meet the jurisdictional amount. Thus, those claims are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff has, however, demonstrated that the requirements of diversity jurisdiction are satisfied for his individual claims. Defendants' Rule 12(b)(1) motoin to dismiss the individual claims is, therefore, denied. STATUS HEARING SET FOR JULY 2, 2003 AT 9:30A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | TBK courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

FRANKLIN LUNDING, JR.,  )
          Plaintiff,  )
          v.  )   No. 03 C 696
          )   Paul E. Plunkett, Senior Judge
BIOCATALYST RESOURCES,  )
INC., et al.,  )
          Defendants.  )

## MEMORANDUM OPINION AND ORDER

Franklin Lunding, Jr. has sued defendants under a variety of theories for their alleged failure to tender certain stock, dividends and other payments to him. Defendants, who contend that Lunding has not properly invoked the Court's diversity jurisdiction, have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(1) motion to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth below, the motion is granted in part and denied in part.

### Facts

In the early 1980s, Lunding, defendant Silverman and others formed The Prozyme Company. (Compl. ¶ 16.) Lunding was the president and CEO of Prozyme. (Id.) Sometime later, Silverman left Prozyme and formed PPL, a company that acted as a distributor for Prozyme. (Id. ¶ 17.)

In the early 1990s, Lunding formed a new company, Biocatalyst, to purchase all of the outstanding stock of both Prozyme and PPL. (Id. ¶¶ 19-20.) In early 1993, pursuant to an



exchange/purchase agreement, Biocatalyst convertible preferred stock was used to purchase the stock of both Prozyme and PPL. (Id. ¶¶ 19, 22.) As a result of the exchange/purchase, Lunding received 275 shares of Biocatalyst convertible preferred stock. (Id., Ex. A, Exchange/Purchase Agreement, Ex. D; Defs.' Mem. Supp. Mot. Dismiss, Ex. A, Lunding Dep. at 94-95.) Though he does not own them, Lunding is the trustee of 575 other shares of Biocatalyst convertible preferred stock held by four different trusts. (Pl.'s Resp. at 3.)

In May 2001, Lunding tried to convert his 275 shares of Biocatalyst preferred stock to common stock. (Compl. ¶ 27.) The conversion rate was four shares of common stock for each share of preferred. (Id. ¶ 28.) In addition, upon conversion, Lunding was entitled to the unpaid accumulated dividends on his preferred stock, which totaled $11,550.00. (Id. ¶ 29.)

The CEO of Biocatalyst acknowledged receipt of Lunding's preferred stock, directed that it be converted and had the corporate stock ledger changed to reflect the conversion. (Id. ¶ 30.) However, the common stock was not issued and no accrued dividends were paid to Lunding. (Id.)

On May 14, 2002, Biocatalyst announced that the majority of convertible preferred shareholders had consented to rescind the 1993 issuance of the convertible preferred stock. (Id. ¶ 34.) Despite Lunding's demands, Biocatalyst refuses to reinstate the convertible preferred stock, issue him common stock for the preferred stock he tendered or pay him for the accrued dividends on the preferred stock. (Id. ¶ 40.) Lunding contends that defendants' actions are tortious and breach various agreements and seeks declaratory, monetary and mandamus relief.

## The Legal Standard

There are two kinds of Rule 12(b)(1) motions: those that attack the sufficiency of the jurisdictional allegations and those that attack the factual basis for jurisdiction. Facial attacks are subject to the same standard as motions pursuant to Rule 12(b)(6) motions; that is, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2002). However, in factual attacks, like this one, the Court may consider affidavits and other evidence in deciding the motion. Id. In either case, the burden of proving that jurisdiction exists rests with the plaintiff. Id.

## Discussion

The Court has diversity jurisdiction over Lunding's suit if there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Defendants contend that neither requirement is met.

The citizenship requirement is satisfied if no plaintiff is a citizen of the same state as any defendant. In making that determination, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). Plaintiff asserts claims on behalf of himself and in his capacity as trustee of four trusts. (Pl.'s Resp. at 2-3.) Defendants contend that the trust beneficiaries, not plaintiff, are the real parties in interest for the latter claims. Moreover, defendants say, the Illinois citizenship of one of the trust beneficiaries destroys diversity in this case.

The Court disagrees. Rule 17(a) permits a trustee of an express trust to sue in his own name "without joining the party for whose benefit the action is brought." Moreover, the Supreme Court has said, such a trustee is the real party in interest in a suit he prosecutes on behalf of the trust. Navarro, 446 U.S. at 465. Thus, it is the citizenship of the trustee, not the trust beneficiary, that is considered for diversity purposes. Id. at 465-66. Because Lunding is a citizen of California, and the defendants are not, there is diversity of citizenship in this case.

The amount in controversy requirement is more complex. Lunding is, in essence, five plaintiffs: Lunding, the individual, and Lunding, the trustee of four trusts. Though it is perfectly permissible for all of those "plaintiffs" to join in one suit, their claims are still separate and distinct. As a result, they cannot be aggregated to satisfy the jurisdictional amount. Zahn v. International Paper Co., 414 U.S. 291, 300 (1973). Thus, Lunding's individual claims and the claims of each trust must independently satisfy the jurisdictional amount if the Court is to have jurisdiction over all of the claims in this suit.

Seven of the nine claims Lunding asserts seek relief solely for him as an individual. (See Compl., Counts I, III-VII, IX.) The other two claims, for a declaration that Biocatalyst's rescission of the convertible preferred stock was invalid and for breach of fiduciary duty against defendant Neil for orchestrating the rescission, seek relief that would benefit Lunding both as an individual and in his capacity as trustee. (See id., Counts II, VIII.) If Lunding were successful on the latter claims, the trusts would recover the value of the Biocatalyst convertible preferred stock that each holds. The four trusts hold twenty-five, 300, 200 and fifty shares, respectively. (Pl.'s Resp. at 3.) Lunding alleges that each share had a liquidation value of $100.00, though he "believes" the shares are worth "considerably more." (Compl. ¶ 14.) Even if each share were worth twice the liquidation value,

-4-

however, not one of the trust claims would meet the jurisdictional amount. Because plaintiff has not demonstrated that the preferred stock has a value that would vault any of the trust claims over the jurisdictional threshold, they must all be dismissed.

Lunding's individual claims, however, easily meet the required benchmark. He alleges that defendants owe him $27,500.00 for his Biocatalyst preferred stock, $11,550.00 for unpaid accumulated dividends on that stock, and "in excess of $700,000.00" in unpaid salary and bonus. (See Compl.; Pl.'s Resp., Ex. A, Lunding Decl. ¶¶ 12-14.) Defendants argue that the $700,000.00 figure, which does not appear in the complaint, is too speculative to support the Court's exercise of jurisdiction.

We disagree. In his declaration, plaintiff testifies that: (1) he has a written employment contract with Biocatalyst that entitles him to an annual salary and bonus based on the company's gross profits; (2) the payments to Lunding were to be funded by PPL, Biocatalyst's subsidiary; (3) defendant Silverman was aware of the contract and its funding mechanism but refused to transfer the necessary funds from PPL to Biocatalyst; and (4) the amount of salary and bonus Biocatalyst owes to Lunding pursuant to the employment agreement exceeds $700,000.00. (Pl.'s Resp., Ex. A, Lunding Decl. ¶¶ 12-14.) That testimony, which is based on Lunding's personal knowledge, (see id. ¶ 1), and is in no way contradicted by defendants, is sufficient to satisfy Lunding's burden of establishing that the amount at stake in his personal claims exceeds $75,000.00.

## Conclusion

For the reasons stated above, defendants' Rule 12(b)(1) motion to dismiss is granted in part and denied in part. Plaintiff has not demonstrated that the claims he asserts in his capacity as trustee meet the jurisdictional amount. Thus, those claims are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff has, however, demonstrated that the requirements of diversity jurisdiction are satisfied for his individual claims. Defendants' Rule 12(b)(1) motion to dismiss the individual claims is, therefore, denied.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: June 4, 2003